UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES H. ERVINE, Superior Court Judge,<br><br>　　　　Defendant. | No. 2:18-cv-1354 MCE AC P<br><br><br>ORDER |

Plaintiff is a state prisoner at San Quentin State Prison proceeding pro se with a motion to "void judgment" pursuant to Rule 60, Federal Rules of Civil Procedure, more appropriately characterized as a putative petition for writ of habeas corpus under 28 U.S.C. § 2254.

Plaintiff seeks to invalidate his conviction in the Alameda County Superior Court. ECF No. 1. Although plaintiff attempts to characterize this action as one for relief from judgment under Federal Rule of Civil Procedure 60, Rule 60 does not provide a basis for relief from a state court judgment. Holder v. Simon, 384 F. App'x 669 (9th Cir. 2010) ("The district court properly dismissed [plaintiff's] complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." (Citing Fed. R. Civ. P. 60(b), (d); Fed. R. Civ. P. 12(h)(3)). Plaintiff is clearly seeking to challenge his conviction and sentence and seeks relief that is only obtainable through a petition for writ of habeas corpus.

1

Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. Because plaintiff was not convicted in this district, and is not presently confined here, this court does not have jurisdiction to entertain his putative habeas petition. In the instant case, both plaintiff's place of conviction and place of incarceration are counties covered by the District Court for the Northern District of California. 28 U.S.C. § 84(a).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed by the undersigned on May 25, 2018, ECF No. 3 (recommending dismissal of this action for failure to state a claim), are VACATED; and

2. This matter is transferred to the United States District Court for the Northern District of California.

DATED: September 25, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE